# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| HEARING DATE: | January 24, 2024 |
| JUDGE: | Brett H. Ludwig |
| CASE NO.: | 23-cv-1581 |
| CASE NAME: | Cellco Partnership v. City of Milwaukee et al. |
| MATTER: | Continued Motion Hearing |
| APPEARANCES: | Rodney W. Carter, Joseph Diedrich, Attorneys for Plaintiff |
| |     Substituted by: Joseph Goode and John Halpin, Attorneys for Plaintiff |
| | Thomas D. Miller, S. Todd Farris, Attorneys for Defendants |
| | Daniel G. Murphy, Jessica Hutson Polakowski, Attorneys for Intervenor Defendant Deer District LLC |
| TIME: | 10:08 a.m. – 11:14 a.m. |
| | 11:42 a.m. – 12:15 p.m. |
| | 1:15 p.m. – 1:53 p.m. |
| | 2:33 p.m. – 3:48 p.m. |
| COURTROOM DEPUTY: | Julie D. |
| COURT REPORTER: | Jennifer Stake |

    The Court reviewed the procedural history of the case and noted Deer District LLC's recently filed motions to intervene, proposed motion to dismiss, and motion to disqualify Husch Blackwell as counsel for Verizon. The Court heard argument on each of these new motions.

    With respect to the motion to intervene, the Court granted the motion under Federal Rule of Civil Procedure 24(a)(2). The Court noted that given Deer District's awareness of the case for more than six weeks, Deer District should have moved to intervene more promptly, but found that the motion was nevertheless timely for purposes of Rule 24. The Court also found that Deer District had an interest in the subject matter of the lawsuit that was not adequately represented by existing parties and may be impaired or impeded by the disposition of the case. Deer District LLC was added to the case as an intervening defendant.

    The Court then addressed the Deer District's motion to disqualify Husch Blackwell as counsel for Verizon. Attorney Diedrich confirmed that for the purposes of the hearing he would represent Husch Blackwell's position. The Court reviewed its understanding of the factual background for this motion, principally, that Husch Blackwell has represented the Milwaukee

Bucks, an affiliate of the Deer District, pursuant to a 2020 engagement letter, which specifically limits Husch Blackwell's representation to the Milwaukee Bucks. Notwithstanding this language, Husch Blackwell has since represented, and continues to represent, both the Milwaukee Bucks and the Deer District in labor and employment matters not related to this dispute. The parties confirmed the Court's recitation of the factual background and confirmed that there is a conflict of interest between Husch Blackwell and Deer District in violation of Wisconsin Supreme Court Rule 20:1.7. Husch Blackwell argued that while a conflicted exists, Deer District waived its disqualification argument under *Batchelor v. Batchelor*, 570 N.W.2d 568 (Wis. Ct. App. 1997) by its unreasonable delay in moving for disqualification, its apparent acquiescence of the conflict, and the resulting prejudice to Verizon. Deer District maintained that *Batchelor* was inapplicable because it dealt with conflicts issues between an attorney and a former, not current, client, and that Husch Blackwell was negligent in failing to discover its conflict of interest previously.

After hearing considerable argument from the parties, the Court granted the motion to disqualify. The Court stated that the decision was a very close call. Wisconsin Supreme Court Rule 20:1.7 provides that an attorney "shall not represent a client if the representation involves a concurrent conflict of interest." SCR 20:1.7(a). Concurrent conflicts of interests exist if (1) "the representation of one client will be directly adverse to another client" or (2) "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client…." *Id.* General Local Rule 83(d)(1) subjects attorneys practicing before this Court to the Wisconsin Supreme Court's Rules of Professional Conduct for Attorneys. Because the parties confirmed that Husch Blackwell represents Deer District in other, ongoing matters, there is a conflict of interest in violation of SCR 20:1.7. But the close question was whether a waiver or laches defense applies under *Batchelor*. Deer District is a sophisticated legal entity with in-house counsel who had knowledge of the lawsuit and Husch Blackwell's representation of Verizon for several weeks. Deer District was, or should have been, aware that Husch Blackwell represented it in other matters. Given that Husch Blackwell on behalf of Verizon sought expedited review of this case and filed a motion for a preliminary injunction which also necessitates expedited review, Deer District should have acted sooner. Instead, Deer District took no steps to notify Husch Blackwell of the conflict or to seek disqualification until just before the preliminary injunction hearing. This creates the potential that Deer District was using the conflict and disqualification motion as a litigation tactic. Indeed, the Seventh Circuit has advised that

courts should approach motions to disqualify counsel with extreme caution because such motions may be used abusively as litigation tactics. *See Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715 (7th Cir. 1982). Nevertheless, given the circumstances, the Court declined to find a waiver or laches defense, largely because the Court was persuaded there would be no prejudice to Verizon because Husch Blackwell had arranged for substitute counsel to appear and take over the representation without further delay. The Deer District confirmed it was not requesting that prior briefing or argument offered by Husch Blackwell be stricken from the record. The Court clarified that its decision to disqualify Husch Blackwell was not a reflection on Attorney Diedrich's performance and highlighted his forthrightness and helpfulness to the Court in connection with the pending matter.

Substitute counsel for Verizon then appeared. Although set as a continued hearing on a preliminary injunction motion, all parties agreed to proceed to a trial on the merits under Rule 65(a)(2). The Court directed the Clerk to docket all of Deer District's proposed filings, including the proposed motion to dismiss and supporting materials, and the proposed opposition brief to the motion for preliminary injunction. The Court then addressed Deer District's motion to dismiss, and after hearing brief argument from the parties, took the matter under advisement.

The Court then outlined the facts of the case. After a lunch recess, the parties presented witness testimony. Verizon presented Tanya Rosin to testify on the DAS system. Deer District presented Steven Dutto to testify as well. The Court then adjourned the hearing to deal with a criminal matter on its docket. After the adjournment, the parties completed their factual submissions with Deer District presenting testimony from Michael Sneathern. After all parties confirmed that they had submitted all factual material they wished to enter on the record, the Court heard argument on the merits of the case. After hearing from all counsel, the Court took the matter under advisement.

As mentioned above,

**IT IS HEREBY ORDERED** that the motion to intervene, ECF No. 25, is **GRANTED**. Deer District LLC is now an intervening defendant.

**IT IS FURTHER ORDERED** that the motion to disqualify, ECF No. 28, is **GRANTED**. Attorneys Joseph Diedrich, Rodney W. Carter, and James C. Remington of Husch Blackwell LLP are terminated.

**IT IS FURTHER ORDERED** that the Clerk is directed to docket the proposed motion to dismiss and related filings as well as the proposed brief in opposition to the motion for preliminary injunction, ECF Nos. 25-1, 25-2, 25-3, & 25-4.

Dated at Milwaukee, Wisconsin on January 25, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
